206

**Dillon Estate.**

Argued October 8, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*B. A. Karlowitz,* with him *John P. Papuga,* and *Tucker, Burke, Campbell & Arensberg,* for appellant.

*Richard C. Witt,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, January 7, 1971:

This case involves the question of the disposition of certain funds deposited in a savings account in the Pittsburgh National Bank by a testamentary trustee, who later pledged the savings account as collateral for his personal obligation to the Bank. The Bank asserts that a Totten trust was created between it and the depositor-trustee, and that it did not know the funds were assets of a testamentary trust. The beneficiary claims the funds under the trust instrument. The Bank refused to turn over the funds to the beneficiary, holding them as a setoff for the trustee's personal obligation. In a well considered opinion the orphans' court ordered the Bank to release the money, and the Bank has appealed. We affirm.

The facts, as determined by the orphans' court, were as follows: May Elizabeth Vogel Dillon, a widow, died in Allegheny County on February 20, 1945. Her will was duly probated, and the bulk of her estate went to her brother, J. Pierre Vogel, *in trust* for her minor son, Albert A. Dillon, also known as Richard A. Dillon.

The brother was named executor as well as trustee. His first account, filed December 30, 1952, disclosed $30,000 in United States Government Bonds, among other assets. On February 19, 1960, Vogel redeemed the $30,000 in Bonds and deposited the proceeds in his trustee's checking account at Mellon National Bank and Trust Company. Subsequently he established three separate savings accounts:

(1) In Mellon National Bank and Trust Company: "J. Pierre Vogel in Trust for Richard A. Dillon" in the amount of $10,000.00;

(2) In Dollar Savings Bank: "J. Pierre Vogel in Trust for Richard A. Dillon" in the amount of $10,-000.00;

(3) In Pittsburgh National Bank: "J. Pierre Vogel in Trust for Richard A. Dillon" in the amount of $10,-000.00 (Savings Account Passbook No. 11633).

We are here concerned only with the account at the Pittsburgh National Bank. On August 10, 1964, Vogel borrowed $2,000 from the Bank, for his personal use, pledged the passbook, and signed the note "J. Pierre Vogel In Trust for Richard A. Dillon." Two days later Vogel borrowed an additional $1,000, signed a new note in the same manner, pledged the savings account and received back the original note.

On September 15, 1964, Vogel borrowed an additional sum of $3,000 and gave a new note for $6,000 signed only "J. Pierre Vogel".

On October 28, 1964, Vogel borrowed $5,000 more from the bank, gave a new note for $11,000, and received back the $6,000 note. Again, this note was signed "J. Pierre Vogel". However, all notes contained the assignment of the savings account, the title of which remained "J. Pierre Vogel, in Trust for Richard A. Dillon." The entire bank loan of $11,000 was for the trustee's personal use.

While Vogel was still alive, he and the beneficiary, Richard A. Dillon, went to the Bank and demanded the passbook of the savings account. The Bank refused to turn over the passbook. Vogel died on January 13, 1966.

The Bank asserts it had no knowledge that the funds in the savings account were testamentary trust assets. However, the orphans' court found that the record clearly established that the Tax Department of the Bank knew in 1963 that J. Pierre Vogel was a testamentary trustee for Richard A. Dillon, and the ledgers of the Bank's Real Estate Department indicate that that department had knowledge as early as 1961. The record also demonstrates that the Bank made only one

demand on Vogel for the payment of his note—a demand that came after the Bank had clear notice of Vogel's testamentary trusteeship and the breach of his trust, for it was not made until after the beneficiary came and demanded the passbook. The orphans' court was clearly correct in its determination of this issue.

The Bank also challenged the jurisdiction of the orphans' court over this dispute, contending that the action is between the living concerning a loan. Again, that court was entirely correct in holding this case was properly before it. The controversy involved funds entrusted to a testamentary trustee who died before the institution of this suit. The beneficiary properly called upon the orphans' court to restore the trust property to him. The case concerned trust law which the orphans' court was well suited to handle. See generally, *Eberhardt v. Ovens*, 436 Pa. 320, 259 A. 2d 683 (1969).

The Bank further contends that a tentative or "Totten" trust was created. However, it is settled, as noted by the orphans' court that a tentative trust is created only when one person deposits *his own money*, in his own name as trustee for another in a savings bank. See, e.g., *Brose Estate*, 416 Pa. 386, 206 A. 2d 301 (1965).

The orphans' court was entirely correct when it stated: ". . . Since this was not a tentative trust it would fall into the same category with other trusts. The form of the account would give notice that the account was trust property and any person dealing with the trustee with reference to it was bound to inquire into the nature of the trust and the powers of the trustee. If the bank had made inquiry of Richard A. Dillon it would have learned that J. Pierre Vogel did not own the funds in the now disputed savings account and that he had no right to pledge the funds in this account for his individual debt."

210

Accordingly, the decree of the Orphans' Court Division of the Court of Common Pleas of Allegheny County is affirmed.   Appellant to pay costs.

Mr. Justice COHEN took no part in the decision of this case.